J-S34034-25 & J-S34035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DAMIAN JAY ROBINSON | : | |
| Appellant | : | No. 1808 MDA 2024 |

Appeal from the Judgment of Sentence Entered November 12, 2024
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000288-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DAMIAN JAY ROBINSON | : | |
| Appellant | : | No. 1809 MDA 2024 |

Appeal from the Judgment of Sentence Entered November 12, 2024
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000478-2024

BEFORE: STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED DECEMBER 16, 2025**

In these related appeals, which we consolidate *sua sponte* herein, Appellant, Damian Jay Robinson, appeals from the aggregate judgment of sentence of 30 to 60 months' incarceration, followed by two years' probation, imposed after he pled guilty to failure to register with the Pennsylvania State Police, 18 Pa.C.S. § 4915.1(a), in case CP-35-CR-0000478-2024 (hereinafter,

"case 478"), which resulted in his probation being revoked and a new sentence imposed in case CP-35-CR-0000288-2018 (hereinafter, "case 288"). On appeal, Appellant seeks to challenge the discretionary aspects of his sentences in each case. Additionally, his counsel, Donna M. DeVita, Esq., seeks to withdraw her representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence in both cases and grant counsel's petition to withdraw.

The trial summarized the pertinent facts and procedural history of Appellant's cases, which we adopt herein. ***See*** Trial Court Opinion (TCO), 3/26/25, at 2-5.[1] Briefly, in 2018, Appellant pled guilty, in case 288, to eight counts of possessing child pornography, 18 Pa.C.S. § 6312(d). He was sentenced to an aggregate term of time-served to 23½ months' incarceration, followed by 14 years' probation.

While serving his probationary sentence in February of 2024, Appellant was charged in case 478 with failing to register, based on his possession of a smart phone and an Xbox gaming system, both of which could be used to access the internet, in violation of the conditions of his probation. Appellant ultimately pled guilty to that offense on July 16, 2024. Appellant's conviction also led to his probationary sentence being revoked in case 288.

---

[1] The trial court filed one opinion addressing both of Appellant's cases.

On November 12, 2024, the trial court conducted a consolidated sentencing hearing in both cases. At the close thereof, the court sentenced Appellant in case 288 to a term of 18 to 36 months' incarceration. In case 478, the court imposed a sentence of 12 to 24 months' incarceration, followed by two years' probation, to run consecutively to the sentence imposed in case 288. Accordingly, Appellant's aggregate sentence across both cases is 30 to 60 months' incarceration, followed by two years' probation.

Appellant filed a timely motion for reconsideration of his sentence. After the court conducted a hearing on the motion, it issued an order denying it on December 6, 2024. Appellant then filed a timely notice of appeal in each case, and he and the court complied with Pa.R.A.P. 1925(b).

In June of 2025, Attorney DeVita filed with this Court a petition to withdraw from representing Appellant in each of his two cases. That same day, counsel also filed **Anders** briefs, discussing the following issues that Appellant seeks to raise in each case:

<u>Case 288:</u>

A. Whether the sentencing court's revocation of sentence and the resentence of 18 to 36 months' incarceration on count 3, … possession of child pornography, 18 Pa.C.S. § 6312(d), was excessive, arbitrary, capricious[,] and contrary to the fundamental norms underlying the sentencing process in that:

    (1)   The sentencing court failed to consider Appellant's remorse and acceptance of responsibility;

    (2)   The sentencing court failed to consider Appellant's mental health problems and diagnosis for which he needs treatment and medication to conform his conduct; and

- 3 -

> > (3) The sentencing court focused only on punishment of … Appellant without any consideration of his rehabilitative needs.
>
> B. Whether the sentencing court failed to provide at sentencing a statement of the reasons for a sentence in the aggravated sentence range as required.

*Anders* Brief Case 288 at 6 (unnecessary capitalization and citations omitted; some formatting altered).

> <u>Case 478:</u>
>
> A. Whether the sentencing court imposed an unwarranted[,] harsh[,] and excessive aggravated sentence of one to two years['] incarceration[,] plus two years' probation[,] for failure to register, … which is contrary to the fundamental norms underlying the sentencing process in that:
>
> > (1) The sentencing court failed to consider Appellant's remorse and acceptance of responsibility;
> >
> > (2) The sentencing court failed to consider Appellant's mental health problems and diagnosis for which he needs treatment and medication to conform his conduct; and
> >
> > (3) The sentencing court focused only on punishment of … Appellant without any consideration of his rehabilitative needs.
>
> B. Whether the sentencing court failed to provide at sentencing a statement of the reasons for a sentence in the aggravated sentence range as required.

*Anders* Brief Case 478 at 4 (unnecessary capitalization and citations omitted; some formatting altered).

Attorney DeVita concludes that Appellant's sentencing issues are frivolous, and that he has no other, non-frivolous issues he could pursue herein. Accordingly,

this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. *Commonwealth v. Goodwin,* 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under *Anders,* counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan,* 928 A.2d 349, 353 (Pa. Super. 2007)….

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney DeVita's **Anders** briefs comply with the above-stated requirements. Namely, she includes a summary of the relevant factual and procedural history, she refers to portions of the record that could arguably support Appellant's claims, and she sets forth her conclusion that Appellant's appeals are frivolous. She also explains her reasons for reaching that determination, and supports her rationale with citations to the record and pertinent legal authority. Additionally, although Attorney DeVita initially failed to attach, to her petitions to withdraw, copies of her letter advising Appellant of his rights pursuant to **Nischan**, counsel ultimately filed those letters in response to this Court's July 2, 2025, and July 15, 2025 orders. The **Anders** briefs and the **Nischan** letters indicate Appellant was served with copies of those documents. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous claims he could pursue on appeal.

Each of Appellant's issues are interrelated, and challenges the discretionary aspects of his sentence. Essentially, Appellant contends that, in both cases 478 and 288, the court imposed excessive terms of incarceration by focusing solely on punishing him, without considering his mental health issues, rehabilitative needs, and expressions of remorse. Appellant also argues that it was unreasonable for the court to impose an aggravated-range term of incarceration in case 478, and a lengthy, aggregate term of incarceration across both cases, when the same conduct formed the basis for

both his conviction in case 478 and the revocation of his probation in case 288. He also insists that the court failed to identify any factors that warranted such a significant term of incarceration, or state sufficient reasons on the record to explain its sentencing rationale.

Initially, we note that Appellant did not raise, in his Rule 1925(b) statements filed in either case, his claim that his sentences are unreasonable because they are premised on the same conduct. **See** Rule 1925(b) Statement Case 478, 2/13/25, at 1 (single page); Rule 1925(b) Statement Case 288, 2/13/25, at 1 (single page). The court's orders directing Appellant to file a concise statement in each case notified him that "[a]ny issue not properly included in the [s]tatement timely filed and served shall be deemed waived." Order Case 478, 2/12/25, at 1 (single page); Order Case 288, 2/12/25, at 1 (single page). Therefore, Appellant has waived this issue by not raising it in his Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) ("[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation[. T]herefore, we look first to the language of that order.") (citations omitted; some brackets added).

In regard to Appellant's remaining sentencing issues, we have considered the arguments he seeks to raise herein (as explained by Attorney

DeVita in her **Anders** briefs), the Commonwealth's briefs in each case, the certified records, and the applicable law. We have also reviewed the thorough opinion of the Honorable Michael J. Barrasse of the Court of Common Pleas of Lackawanna County. We conclude that Judge Barrasse's decision sufficiently addresses each of the issues raised by Appellant and explains why they are meritless. **See** TCO at 5-16. We are convinced by Judge Barrasse's well-reasoned opinion that Appellant's sentences in each case, and his aggregate sentence as a whole, are neither clearly unreasonable nor a manifest abuse of the court's ample sentencing discretion. **See** 42 Pa.C.S. § 9781(c)(2) (stating that an "appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds: … the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable"); **Commonwealth v. Bowen**, 975 A.2d 1120, 1122 (Pa. Super. 2009) ("Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion."). Accordingly, we adopt Judge Barrasse's opinion as our own and affirm Appellant's judgments of sentence in each of his two cases for the reasons set forth therein. Given our disposition, we agree with Attorney DeVita that it would be frivolous to raise the sentencing challenges Appellant seeks to assert herein, and we also discern no other, non-frivolous issues that Appellant could present on appeal. Thus, we grant counsel's petition to withdraw.

Judgments of sentence affirmed.  Petition to withdraw granted.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/16/2025